PER CURIAM.
The defendant, Harold Madison, appeals from a jury conviction of aggravated rape, La.R.S. 14:42, for which he was sentenced to serve the- balance of his natural life at hard labor in the State Penitentiary.
The defendant reserved and perfected six (6) bills of exceptions all relating to admission of evidence during the trial.
We find all of these bills of exceptions lack merit.
Bill number one: No authority is cited in support of defense counsel’s objection to certain oral testimony which we find admissible as clearly relevant. La.R.S. 15:441.
Bill number two: During the presentation of the state’s case, after counsel for the defense finished cross examining the state’s complaining witness, he attempted to have admitted into evidence photographs procured by the state and used by the state during the direct examination of the complaining witness.
The trial judge refused to allow the photographic evidence to be admitted by the defense. His reasons for this ruling as stated in his per curiam to bill number two are that (1) “the defense would have its opportunity to offer the photographs when it came time for presentation of the defense,” and (2), “the trial should proceed in an orderly fashion,” citing La.C.Cr.P. art. 765(5) which sets forth the normal order of the trial.
Under the circumstances present in this case, we do not find the trial judge abused *40 his discretion when he refused defense counsel’s request. The photographs were admitted into evidence and shown to the jury by the state at the close of its presentation of evidence. Counsel for the defense had the opportunity to bring these exhibits before the jury again during presentation of the defense. The defendant was not prejudiced by the ruling of the trial judge.
Bill number three: Testimony by one of the arresting officers regarding statements made to him by a witness at the scene of the crime was properly admitted under the res gestae exception to the hearsay rule. La.R.S. 15:447. Furthermore, the declarant was present in court, had previously testified, and was available for further cross-examination on the statements.
Bill number four: Statements made to the arresting officer by the complaining witness in the presence of the defendant, and immediately after the commission of the crime were properly admitted as part of the res gestae. La.R.S. 15:447; State v. Labat, 226 La. 201, 75 So.2d 333 (1954).
Bills numbers five and six: These two bills must be considered abandoned as the defense counsel did not treat them in his brief, stating he "is of the opinion they are without merit.”
The conviction and sentence are affirmed.